**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**MICHAEL SPENCER,**

       **Petitioner,**

   **v.**                                 **Civil action no. 3:05cv5
                                             Criminal action no. 3:01cr25-2
                                             (Judge Broadwater)**

**UNITED STATES OF AMERICA,**

       **Respondent.**

## AMENDED REPORT AND RECOMMENDATION[1]

### I. INTRODUCTION

On January 27, 2005, the *pro se* petitioner, an inmate at USP Allenwood, filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody regarding his conviction in case number 3:01cr25-2. By Order entered on March 7, 2005, the Court ordered the respondent to answer the motion on or before April 7, 2005. On June 28, 2005, the petitioner filed a Motion for Determination of Status Concerning Movant's §2255 Proceedings inasmuch as no answer had been filed. By Order dated July 1, 2005, the respondent was directed to file its response on or before September 1, 2005. On August 5, 2005, the respondent requested a ninety day extension in which to file its response. By Order entered on November 3, 2005, the

---

[1] On March 23, 2006, the undersigned issued a Report and Recommendation which noted that the petitioner had failed to respond to a Roseboro Notice issued on December 13, 2005. Although not docketed in case no. 3:01cr25-2, the petitioner did, in fact, file a reply on January 17, 2004, which was docketed in case no. 3:05cv5. Having considered the arguments raised in the petitioner's response, I find no reason to alter my Report and Recommendation. Accordingly, the sole purposes of this Amended Report and Recommendation is to recount properly the procedural history of the petition and subsequent filings.

respondent was granted an extension to December 3, 2005. On December 5, 2005, the respondent filed Motion of the United States to Dismiss and Response to Petitioner's Motion Made Pursuant to 28 U.S.C. § 2255. On December 13, 2005, the petitioner was issued a Roseboro notice directing that he file any response within thirty (30) days explaining why his case should not be dismissed. On January 17, 2006, the respondent filed Movant's Motion in Reply to Government's Motion to Dismiss and Response to his Motion Under § 2255. This matter, which is pending before me for initial review and report and recommendation pursuant LR PL P 83.15, is ripe for review.

## II. FACTS

### A. Conviction and Sentence

On March 18, 2002, the petitioner pleaded guilty to Count 9 of the indictment charging him with the distribution of crack cocaine within 1000 feet of a school in violation of 21 U.S.C. §§841(a)(1) and 860. The parties stipulated that the total drug relevant conduct with regard to the indictment was 101.845 grams of cocaine base, also known as "crack" and 2.6 grams of cocaine hydrochloride, also known as "coke." Additionally, the petitioner waived his right to appeal his sentence or collaterally attack his sentence. Specifically, the petitioner's plea agreement contained the following language regarding his waiver:

> Mr. Spencer is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all this, and in exchange for the concessions made by the United States in this plea agreement, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined on any ground whatsoever, including those set forth in Title 18, United States Code, Section 3742. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to, a motion brought under Title 28, United States Code, Section 2255 (habeas corpus).

On July 3, 2002, the Court sentenced the petitioner to 170 months imprisonment.

B.  **Appeal**

Despite his waiver of appeal rights, on July 10, 2002, the petitioner filed a Notice of Appeal. Petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), alleging sentencing issues, but stating that in his view, the issues were not meritorious. The United States filed a motion to dismiss the appeal based on the petitioner's waiver of the right to appeal his sentence contained in his plea agreement. On October 10, 2003, the United States Court of Appeals for the Fourth Circuit granted the Government's motion to dismiss finding that the petitioner had validly waived his right to appeal his sentence, and the only issues raised on appeal challenged his sentence.

C.  **Federal Habeas Corpus**

**Petitioner's Contentions**

The petitioner alleges that his Fifth and Sixth Amendment rights to the effective assistance of counsel were violated for the following three reasons:

(1)  On appeal, counsel failed to challenge the sentencing court's enhancements to his sentence in which the judge made findings not admitted to in his plea agreement.

(2)  Trial counsel induced him to stipulate to an aggravated drug amount beyond the amount charged in the count to which he pleaded guilty to under the plea agreement.

(3)  Trial counsel induced him to waive his rights to collateral review under the Fifth Amendment and §2255.

**Respondent's Contentions**

(1)  The petitioner's first contention is an attempt to raise a claim pursuant to Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543 U.S. 220 (2005),

> which are not applicable to cases on collateral review.

(2) The Rule 11 hearing clearly establishes that the petitioner understood the impact that relevant conduct would have on his sentence, and he makes no argument that his counsel coerced him into the stipulation.

(3) Petitioner does not allege that his counsel coerced him into waiving his right to collaterally attack his sentence, and the Rule 11 hearing establishes that the petitioner understood the nature of his waiver

## III. ANALYSIS

### A. Waiver

In United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005), the Fourth Circuit held that the waiver of the right to collaterally attack a sentence is valid as long as it is knowing and voluntary. Id. The Fourth Circuit also noted that it has allowed a "narrow class of claims" to be raised by a defendant on direct appeal despite a general waiver of appellate rights and referenced "United States v. Marin, 961 F.2d 493 (4th Cir.1992) ('[A] defendant could not be said to have waived his right to appellate review of a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race.') and United States v. Attar, 38 F.3d 727, 732 (4th Cir.1994) (holding that a general waiver of appellate rights could not be construed to bar a defendant from raising a claim that he had been wholly deprived of counsel during his sentencing proceedings)." Id. at 220, n. 2. However, because Lemaster did not argue that his claims fell within one of these exceptions, the Fourth Circuit did not address whether a court should address similar claims in a §2255 motion despite a waiver of the right to file a

collateral attack.² Nonetheless, the Fourth Circuit stated that it saw no reason to treat waivers of collateral attack rights differently than waivers of direct appeal rights. Id. Inasmuch as the petitioner alleges ineffective assistance of counsel, his claims fall within the above-mentioned exceptions and are not barred by his waiver of the right to collaterally attack his sentence.

B. **Ineffective Assistance of Counsel**

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986);

---

²In Lemaster, the Fourth Circuit stated that "[l]iberally construed, Lemaster's petition alleged, inter alia, that his guilty plea, and thus his waiver of collateral-attack rights, was unknowing and involuntary because (1) his counsel's initial explanation of the proposed plea agreement differed substantially from the final version of the plea agreement and that his counsel failed to explain the changes to him; (2) his counsel failed to inform him, or misinformed him, of the potential punishment that he faced under the plea agreement; and (3) Lemaster was threatened that he would be denied adequate medical care unless he pleaded guilty." United States v. Lemaster, 403 F.3d 216, 219 (4th Cir. 2005).
  Lemaster also raised the following claims which were unrelated to the voluntariness of his plea or the waiver of his right to collaterally attack his sentence: "his counsel was constitutionally ineffective in the following respects: (1) counsel failed to provide Lemaster with a copy of the presentencing report; (2) counsel failed to object to the presentencing report as directed by Lemaster; (3) counsel failed to request a downward departure based on Lemaster's diminished capacity; (4) counsel failed to request a downward departure based on Lemaster's deteriorating medical condition; and (5) counsel ignored Lemaster's correspondence." Id.

Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985), *cert. denied*, 478 U.S. 1007 (1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *cert. denied*, 488 U.S. 843 (1988).

## IV. **DISCUSSION**

The petitioner's first claim is that his counsel failed to challenge on appeal the fact that the District Court sentenced him on facts that he did not admit. Petitioner offers no specificity in this challenge, setting forth no fact considered by the Court in rendering its sentence that was not based upon his plea agreement including its stipulation as to relevant conduct.

In making this argument, the petitioners appears to be relying on the decisions issued in Blakely v. Washington, 542 U.S. 296 (2004) and United States v. Booker, 543, U.S. 220 (2005). Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000),[3] holds that the imposition of sentencing enhancement, which was based solely on the sentencing court's factual findings, violates the defendant's Sixth Amendment rights because the facts supporting the findings were neither admitted nor found by a jury. In Booker, the Supreme Court issued a two part decision. In the first part, the Supreme Court held that the mandatory sentencing guidelines

---

[3]The decision in Apprendi, establishes that "[O]ther than the facts of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490.

violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. In the second part of the decision, the Supreme Court severed the unconstitutional provisions from the Sentence Reform Act and made the guidelines advisory and established an unreasonableness standard of review for sentences on appeal.

Although the Court held in Booker that its decision applies to all cases on direct appeal, it did not address whether its decision applied to cases on collateral review. However, the Fourth Circuit has determined that it does not apply retroactively.[4] In this particular case, the Court of Appeals denied his appeal on October 10, 2003, and his conviction became final on January 12, 2004, when the ninety days in which the petitioner could have sought a writ of certiorai from the United States Supreme Court expired. Because the petitioner's conviction became final prior to the issuance of the Booker decision on January 12, 2005, petitioner is not entitled to have said decision applied retroactively to his sentence.

As his second claim for relief, the petitioner alleges that his counsel induced him to stipulate to a relevant conduct which was greater than the amount charged in Count 9. However, the petitioner does not allege that such an inducement was improper or coerced. During the Rule 11 hearing conducted on March 18, 2002, the Court specifically asked the petitioner whether he understood that the plea agreement included a stipulation as to relevant conduct. (Plea Transcript p. 13). Furthermore, the petitioner acknowledged that he understood that "under a concept known as relevant conduct, the Court in determining the Total Offense level for sentencing

---

[4]The Fourth Circuit decision in United States v. Morris, 429 F.3d 65 (2005) notes that its decision that Booker does not apply retroactively to cases on collateral review, is in conformity with nine circuit courts of appeals that have considered the issue.

7

purposes under the guidelines may take into account any conduct, circumstances, and injuries relevant to the crime for which [he might] be convicted." (Plea Transcript p. 19).

Similarly, with respect to his final claim that his counsel induced him to waive his right to collaterally attack his sentence or the manner in which it was imposed, the petitioner does not allege that such inducement was improper or coerced. During the Rule 11 hearing, the Court reviewed the waiver, and the petitioner acknowledged he understood the consequences of his waiver. (Plea Transcript p. 13).

Finally, as part of the Rule 11 hearing, the petitioner testified that his attorney had adequately represented him and had left nothing undone. He also testified that that neither he nor his attorney had found any way to show that he was not guilty of the charges against him. (Plea Transcript p. 27) "Solemn declarations in open court carry a strong presumption of verity." Blackledge v. Allison, 431 U.S. 63, 74 (1977).

As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of competence. Strickland, at 687-91. Accordingly, he has failed to show how counsel's performance was deficient, and therefore, cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial. Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

### IV. **RECOMMENDATION**

For the reasons stated herein, it is accordingly recommended that the Court enter an Order **GRANTING** the respondent's Motion to Dismiss and **DENYING WITH PREJUDICE**, the petitioner's §2255 motion.

Any party may file within ten (10) days after being served with a copy of this Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable W. Craig Broadwater, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Dated:April 25, 2006

>/s/ James E. Seibert
> JAMES E. SEIBERT
> UNITED STATES MAGISTRATE JUDGE